Dear Mayor Watts:
You have asked this office to advise whether the provisions of the Louisiana Dual Officeholding and Dual Employment Laws, R.S. 42:61,et seq., prohibit one from holding employment with the Firefighter's Retirement System while holding the elective office of Justice of the Peace, East Baton Rouge Parish, Ward 3, District #1.
Of import here are the prohibitions contained in R.S. 42:63(D), which state in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold
another elective office or fulltime appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. . . .(emphasis added).
R.S. 42:62(D) prohibits one who holds "an elective office in a political subdivision of this state" from holding at the same time "employment in the government of this state." A justice of the peace holds "elective office in a political subdivision of this state" as defined by R.S.42:62(1) and (9):
 (1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof. *Page 2 
 (9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions. (Emphasis added).
The Firefighter's Retirement System is governed by the provisions of R.S. 11:2251, et seq., and is established for "firemen employed by any municipality, parish, or fire protection district of the state of Louisiana." It is considered a "statewide" system (See Attorney General Opinions 96-351 and 93-676, copies attached). Further, for purposes of the dual officeholding definitions, employment with the Firefighter's Retirement System constitutes employment with the executive branch of state government, as R.S. 42:62(6) includes:
 (6) . . . the officers, members, agents, and employees of any department, office, agency, instrumentality, board, commission, or other entity created by the constitution or by law whose functions are not primarily legislative, judicial or local in nature or operation. (Emphasis added).
The Firefighter's Retirement System is an entity specifically created by the laws of the state. The functions of the system are applicable toall firefighters statewide, rather than being "local in nature or operation." Further, the system does not fall within the definition of "political subdivision" under 42:62(9)[1] because it is not "a unit of local government" and the remainder of the definition is inapplicable. Thus, while a local elected official is not prohibited from holding employment in a separate political subdivision of the state, the argument is inapplicable here, as the system does not fall within the specific definition of "political subdivision" pertinent to the dual officeholding laws.
It is the opinion of this office that the dual officeholding laws prohibit one from holding both the local elective office of justice of the peace and employment with the Firefighter's Retirement System, as the latter constitutes employment in the government of the state, as the System falls within the definition of "executive branch" as provided in the cited dual officeholding provisions.
Our opinion herein affirms the previous conclusion of this office addressing a similar matter. In Attorney General Opinion 02-316, this office determined that an elected school board member could not also hold employment with the Firefighter's Retirement System. The author of Opinion 02-316 concluded: *Page 3 
 This system is an entity specifically created by the laws of this state. Because of such, the Firefighters' Retirement System would be considered a part of the executive branch of this state, and therefore its employees would be considered employed by the government of this state. It is therefore the opinion of this office that the dual office holding laws of Louisiana prohibit the holding of an elective office in a political subdivision of this state, such as school board member, and at the same time the employment by the government of this state, such as the Firefighters' Retirement System.
See Opinion 02-316, copy attached.
Finally, the dual officeholding statutes do not prohibit this employee from seeking elective office while continuing his employment. Rather, he is permitted to retain his employment, while taking care to prevent campaign activities from interfering with the duties of his job. See Attorney General Opinion 98-317, copy attached. Upon election, the prohibitions of the dual officeholding provisions become applicable.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: _______________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK: arg
[1] R.S. 42:62(9) provides:
(9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.